# Staunton

J. WILEY HALSTEAD'S EXECUTORS V. MABEL K. INGRAM, ET ALS.

September 20, 1934.

Present, Campbell, C. J., and Holt, Hudgins and Chinn, JJ.

The opinion states the case.

*Alfred Anderson* and *W. I. Halstead,* for the appellants.

*James G. Martin* and *Reuben E. Spandorfer,* for the appellees.

CHINN, J., delivered the opinion of the court.

This is a suit in equity brought by Mabel K. Ingram, Mary Baxter Bell, Ellen Halstead Bell, Mabel Kelly Bell and Josephine Bell, infants, suing by said Mabel K. Ingram, their mother and next friend, against John W. Taylor, Jr., and C. W. DeFord, executors of J. Wiley Halstead, deceased.

The bill alleges that by deed dated February 6, 1923, recorded in the office of the register of deeds of Vance county, North Carolina, said Mabel K. Ingram, who was at that time Mabel K. Bell, conveyed certain real and personal property to J. Wiley Halstead, of the city of Norfolk, Virginia, and J. H. Kelly, of Vance county, North Carolina, trustees, in trust for the benefit of said grantor and her four children above named; that the two trustees illegally and without authority had done away with all the property mentioned in said deed and the proceeds derived therefrom, and have never accounted for the same; that J. Wiley Halstead died in the city of Norfolk a few months before the filing of said bill; that the defendants John W. Taylor, Jr., and W. C. DeFord who reside in the city of Norfolk, Virginia, duly qualified as his executors; that said J. H. Kelly, one of the said trustees, resides in North Carolina and cannot be reached by process in this suit. The bill prays that the said executors be made defendants and required to account for all the

property mentioned in the aforesaid deed and any proceeds therefrom, and to pay plaintiff such sums as may be due them, and for further relief.

A copy of the deed referred to is exhibited with the bill from which it appears that the property assigned and conveyed by the said deed consisted of thirty-two shares of the capital stock of the Southern Grocery Company, a North Carolina corporation, having its principal place of business in the city of Henderson, of the par value of $3,200; a certain lot or parcel of land in said deed fully described, situated in said city of Henderson; certain lots in said deed designated situated in Norfolk county, Virginia; and also the right, title and interest of said grantor to "certain notes of V. G. Davis, secured by stock standing in the name of James A. Kelly and Mrs. Ella V. Kelly in the Buckhorn Lithia Water Company, a North Carolina corporation, said notes being in the aggregate of fifteen thousand dollars with interest thereon." "To have and to hold the aforesaid stock and real estate unto the said J. H. Kelly and J. W. Halstead trustees for Mabel K. Bell, unmarried, Mary Baxter Bell, Ellen Halstead Bell, Mabel Kelly Bell and Josephine B. Bell, their successors and assigns forever absolutely and in fee simple.

"And it is well understood, agreed and made a part of the consideration therefor that any deed or bill of sale made and executed by the aforesaid trustees or in the event of the death of either, by the survivor, shall be as binding and have the same force and effect as if personally signed by the grantor prior to the execution of this conveyance."

The executors duly answered admitting the allegations of the bill as to the execution of the deed and alleging "that the thirty-two shares of the capital stock of the Southern Grocery Company never came into the possession of the said J. Wiley Halstead individually or as trustee, the same being under a pledge of the said Mabel K. Ingram prior to the execution of said deed as security for her obligations; that in an effort to salvage as much as possible therefrom the said J. Wiley Halstead subsequently redeemed said stock out of

his own individual funds and ordered the same transferred to the trustees on the books of the corporation and to be delivered to the said J. Halstead Kelly co-trustee and brother of said complainant; that subsequent to this, and on or about the 20th day of August, 1928, there was realized from this stock the sum of $384, which said sum was credited by the said J. Wiley Halstead to the account of said complainants, making no deduction whatsoever for monies advanced by him for the redemption of the same; that so far as these respondents are advised they believe, so charge and allege that the notes of V. G. Davis, secured by stock outstanding in the names of James A. Kelly and Ella V. Kelly in the Buckhorn Lithia Water Company of North Carolina, conveyed by said deed, were never received by the said J. Wiley Halstead; that nothing was ever realized thereon; that they proved of no value, and that so far as these respondents are advised, the same are still in the possession of said J. Halstead Kelly, the other trustee, who has not been made a party to these proceedings."

The answer further alleges that no disposition has ever been made of the lots conveyed by said deed situated in Norfolk county, Virginia, and that same are subject to the disposition by the court in these proceedings; that the respondents are advised that the real estate situated in the city of Henderson, North Carolina, conveyed by said deed was sold by said trustees for the sum of $8,500, part of which was paid in cash and the balance evidenced by notes secured by a deed of trust which were subsequently paid. The said answer then proceeds as follows:

"An accurate and detailed record kept by the said J. Wiley Halstead, with the said complainants shows that on January 18, 1922, he began to make advances to them and that he continued to make advances for the payment of taxes, insurance and for the necessities of life, aggregating approximately $2,500, before he received any funds in connection with the estate at all; that on or about the 18th day of November, 1926, he received through the Citizens Bank in Henderson, North Carolina, the sum of $5,199.71, which

amount he immediately put on interest and continued to make advances for the support and maintenance of said complainants until August 5, 1931, having at that time, according to said records, advanced to the said complainants the sum of $1,125.14 in excess of all sums received by him, including both principal and interest in connection with said deed from the said Mabel K. Bell, dated the 6th day of February, 1923.

"Upon information these respondents believe that the said J. Wiley Halstead has legally and with proper authority received and disbursed all funds received by him in connection with said deed and therefore deny that he has illegally and without authority done away with the properties mentioned therein or any proceeds received therefrom, and further allege, upon information that the said J. Wiley Halstead, on or about the 16th day of January, 1931, communicated with the clerk of the court in Henderson, North Carolina, requesting advice as to what he should take for the filing of the required accounts showing a final closing of his actions as said trustee, which information was never supplied, and the said J. Wiley Halstead departed this life before the accounts were ever actually settled in such manner.

"However, his accounts have been kept in detail and will be gladly submitted to the court in these proceedings for settlement."

The answer further avers that in the settlement of the accounts between complainants and the estate of J. Wiley Halstead, deceased, there should be taken into account and allowed to said estate a claim or judgment against the said complainants for such sum or sums as may be shown by the accounts kept by said J. Wiley Halstead, deceased, to said complainants. The answer prays that the same may be taken as a cross-bill, that a guardian *ad litem* be appointed for said infants; that there be allowed to respondents as executors, aforesaid, in the settlement of the trust affairs aforesaid, such sum or sums of money which were advanced by said J. Wiley Halstead to said complainants over and

above what he received in connection with said trust; that all necessary accounts be taken and references made, and for general relief. The plaintiff demurred to the cross-bill and moved to strike out the answer, whereupon the court entered the following decree:

"This cause came on this day to be heard upon the bill, answer and cross-bill, demurrer to the cross-bill and joinder in said demurrer, and motion to strike out each and every part of the answer as insufficient in law and was argued by counsel. And it appearing to the court that Mary Baxter Bell, who was an infant when this suit commenced, but is now over the age of twenty-one years, has filed a written letter with the court waiving all her rights in this suit, the court doth adjudge, order and decree:

"That the demurrer to said cross-bill be, and it hereby is, sustained and so much of the answer and cross-bill as constitutes a cross-bill is dismissed on its merits as insufficient in law.

"That the motion to strike out so much of the answer as seeks to justify the expenditure by the trustees of any of the principal or corpus of the trust property under the deed, a copy of which is exhibited with the bill marked exhibit 'A,' be sustained, the court adjudging that under said deed of trust the trustees had no power nor right to expend any part of the principal or corpus of the trust property, otherwise than for re-investment under the trust, and that all expenditures of principal or corpus of said trust estate was illegal and the trustees are responsible therefor, but that they are responsible only to the infant plaintiffs, as Mabel K. Ingram may be estopped from recovery in this suit, and as Mary Baxter Bell has waived her rights as already stated, so that said trustees would be responsible for three-fifths of the expenditures of all principal.

"The court doth further adjudge, order and decree that said three infants Ellen Halstead Bell, Mabel Kelly Bell and Josephine Bell, do recover of John W. Taylor, Jr., and C. W. DeFord, executors of J. Wiley Halstead, deceased, who was one of the trustees under said deed, this recovery to be

payable out of the estate of J. Wiley Halstead, deceased, coming into the hands of his said executors, three-fifths of the sum of $384 (to-wit, $230.40), which is admitted in the answer to have been received by J. Wiley Halstead in connection with capital stock of the Southern Grocery Company, and that said infants likewise further recover from said executors three-fifths of the sum of $8,500 (to-wit, $5,100), which the answer admits was received by the trustees in said deeds in connection with the sale of the real estate at the corner of Young avenue and Garnett avenue, in the city of Henderson, North Carolina.

"The court doth further adjudge, order and decree that this cause be referred to one of the commissioners in chancery of this court to ascertain and report to the court what further principal or corpus of the estate under said deed came into the hands of the trustees in said deed and whether they have expended any of such corpus or principal, and if so, how much; and what interest and income has been received and expended by said trustees; and inquire and report to the court whether or not Mabel K. Ingram is estopped from recovery in this suit."

From this decree this appeal was allowed.

It is contended by the appellants that the said decree is erroneous in adjudging that the trustees had no power or right to expend any part of the principal or corpus of the trust property otherwise than for re-investment, and in entering judgment against the executors in favor of the three infants therein named for three-fifths of the sum of $384, received by J. Wiley Halstead, deceased, from the capital stock of the Southern Grocery Company, and three-fifths of the sum of $8,500 received by the trustees from the sale of the North Carolina real estate.

It is alleged in the answer that J. Wiley Halstead, trustee, made advancements out of his own funds for the payment of taxes and insurance and for necessities before he received any funds from the estate at all.

It is well settled that it is the duty of a trustee to preserve and protect the trust property for the benefit of

the beneficiaries; and it is the general rule that a trustee will be reimbursed from the trust estate for all necessary and reasonable expenditures which he has made, and all necessary and reasonable expenses incurred in carrying out the directions of the instrument, and all reasonable expenses incurred in protecting and preserving the trust property. 26 R. C. L. page 1281.

■ "It is the positive duty of a trustee to pay taxes accruing against the corpus of the trust estate; and if he has no funds of the estate in his hands, he may advance the necessary amount out of his own means. Such an advance becomes a charge on the property." 26 R. C. L. page 1321.

■ Nothing more is required of a trustee than that he should act in good faith and with the same prudence and discretion that a prudent man exercises in his own affairs. A trustee is therefore entitled to reimbursement for expenses incurred in good faith in attempting to preserve the trust estate. *Shepherd* y. *Darling,* 120 Va. 586, 91 S. E. 737; *Winder* v. *Nock,* 104 Va. 759, 52 S. E. 561, 3 L. R. A. (N. S.) 415.

■ The answer states that said J. Wiley Halstead kept a true and accurate account of all his transactions as trustee, which his executors offer to submit to the court to be used in taking the account in the proceedings. Both the bill and the answer pray for an accounting. We are, therefore, of the opinion that the decree of the lower court was premature in rendering judgment against the executors as it did, without giving them an opportunity to show what payments had been made by the trustee for taxes, insurance and other expenditures necessary to preserve and protect the trust estate.

For the foregoing reasons the decree complained of will be reversed, and the cause remanded to the lower court to be therein proceeded with according to the views expressed in this opinion.

*Reversed and remanded.*

HUDGINS, J., concurring in result.